## Carter v. Roberts.

(Decided May 16, 1924.)

## Appeal from Allen Circuit Court.

1. Boundaries—Proceedings of Processioners are Prima Facie Evidence.—Proceedings of processioners, under Ky. Stats., section 2367 et seq., if regular, are prima facie evidence of the correct location of a boundary line, but not conclusive unless the parties indorse their consent upon the report of the commissioners before its return to county court.

2. Appeal and Error—Finding of Fact by Chancellor Relied Upon.— Not being able to determine from record whether appellant or appellee have maintained issue, Court of Appeals must rely upon finding of fact made by chancellor.

OLIVER & OLIVER for appellant.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This appeal is from a judgment of the Allen circuit court holding appellee Roberts to be the owner and in the possession of a narrow strip of land lying along the line between appellant and appellee in Allen county, and enjoining the appellant Carter from interfering with the peaceable enjoyment of the strip of land by appellee Roberts. There is no brief for appellee. Appellant admits in his brief that the land in question is only about 12 to 20 feet wide and of very little value; that it lies along the property lines of the parties litigant, each one asserting title to it; that there is an old road or passway running along near the property line and that on one side of this road and not far from it, is an old fence. Between the fence and the road is the strip of land in controversy and this litigation arose over the cutting of timber from this strip of land by appellee Roberts. Several years before the suit was instituted but after Carter became the owner of the tract which he claims, he gave notice as provided by section 2367, et seq., Kentucky Statutes, for processioning the land, whereupon appellee Roberts appeared at the time and place designated in the notice, to which place came the processioners named by the county court with a surveyor and the lands of Carter were processioned. The procession-

ers heard evidence as to the correct location of the corners and from that located the line, a straight one, between the lands of Carter and Roberts, setting up stones and marking trees to indicate its location. The processioners later made a report in writing to the county court which was allowed to lay over for exceptions and none being filed it was later confirmed as is the manner. There were, however, some irregularities in the proceedings. If regular, such proceedings are *prima facie* evidence of the correct location of the line but not conclusive unless the parties endorse their consent upon the report of the commissioners before it is returned to the county court.

There is no map in the record sufficient to aid one in understanding the evidence, and we are at a loss to determine from the evidence just where the original line was between the parties. Nor can we tell with exactness whether the processioners carried out and performed their duties in such manner as to make out a *prima facie* case for the appellant. Appellant Roberts insists that the processioners did not so perform their duties. Not being able to determine from the record as presented whether appellant or appellee has maintained the issue we must, as is our rule, rely upon the finding of fact made by the chancellor. He is presumed to be acquainted with the parties and witnesses and was and is in better position than is this court to determine the right of the matter. His opinion and finding are entitled to weight in determining the appeal where we are left in doubt. It is our rule to follow the judgment of the chancellor in cases like this unless it appears from the record to be against the weight of the evidence. This we cannot say of the judgment before us, for which reason it must be affirmed.

Judgment affirmed.